1  SHERI M. SCHWARTZ
   Nevada Bar No.008657
2
   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
3       400 South Fourth Street, Suite 500
        Las Vegas, Nevada 89101
4             (702) 893-3383
           FAX: (702) 893-3789
5
   Attorneys for Defendants and Counterclaim-Plaintiffs
6  Yehia Awada and Gaming Entertainment, Inc.

7

8              UNITED STATES DISTRICT COURT

9                   DISTRICT OF NEVADA

10

11

12 SHUFFLE MASTER, INC.,                   CASE NO. CV-S-05-1112-RCJ RJJ

13          Plaintiff,
                                           DEFENDANTS' ANSWER TO FIRST
       v.                                  AMENDED COMPLAINT AND
14                                         COUNTERCLAIM
   YEHIA AWADA and GAMING
15 ENTERTAINMENT, INC.,                    Demand for Jury Trial

16          Defendants.

17
   GAMING ENTERTAINMENT, INC. a Nevada
18 corporation, and YEHIA AWADA, an individual

19          Counterclaim-Plaintiffs

20
       v.
21
   SHUFFLE MASTER, INC., a Minnesota
22 corporation, and MARK YOSELOFF, an
   individual
23
            Counterclaim-Defendants
24

25
        Defendants YEHIA AWADA and GAMING ENTERTAINMENT, INC. (hereinafter
26
   "Defendants") by and through their attorneys of record, SHERI M. SCHWARTZ of the law firm
27
   LEWIS BRISBOIS BISGAARD & SMITH LLP., hereby submit their Answer to Plaintiff's First
28

4837-3810-8672.1

Amended Complaint as follows:

## JURISDICTION

1. Answering Paragraph 1 of Plaintiff's First Amended Complaint on file herein, Defendants admit that this Court has subject matter jurisdiction over Plaintiff's claims. As to the remaining allegations of Paragraph 1, Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny those allegations on that basis.

## PARTIES

2. Answering Paragraph 2 of Plaintiff's First Amended Complaint on file herein, Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs and, therefore, deny those allegations on that basis.

3. Answering Paragraph 3 of Plaintiff's First Amended Complaint on file herein, Defendants admit those allegations.

4. Answering Paragraph 4 of Plaintiff's First Amended Complaint on file herein, Defendants admit that Awada is a resident of Nevada and deny the remaining allegations of said paragraph.

## VENUE

5. Answering Paragraph 5 of Plaintiff's First Amended Complaint on file herein, Defendants admit that venue is proper in this district.

## COMMON ALLEGATIONS

6. Answering Paragraphs 6, 7, and 8 of Plaintiff's First Amended Complaint on file herein, Defendants lack sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs and, therefore, deny those allegations on that basis.

7. Answering Paragraphs 9, 10, and 11 of Plaintiff's First Amended Complaint on file herein, Defendants deny the allegations contained in said paragraphs.

8. Answering Paragraphs 12 of Plaintiff's First Amended Complaint on file herein, Defendants lack sufficient knowledge and information upon which to form a belief as to the truth or falsity of the allegations contained in these paragraphs and, therefore, deny those allegations on that basis.

9. Answering Paragraph 13 of Plaintiff's First Amended Complaint on file herein, Defendants deny the allegations of said paragraph.

10. Answering Paragraph 14 of Plaintiff's First Amended Complaint on file herein, Defendants admit that Awada and GEI own or distribute a game entitled Play Four Poker. Defendants deny the remaining allegations of said paragraph.

11. Answering Paragraph 15 of Plaintiff's First Amended Complaint on file herein, Defendants deny the allegations of said paragraph.

12. Answering Paragraph 16 and 17 of Plaintiff's First Amended Complaint on file herein, Defendants admit the allegations of said paragraphs.

13. Answering Paragraphs 18, 19, 20, 21, 22, 23, and 24 of Plaintiff's First Amended Complaint on file herein, Defendants deny the allegations contained in those paragraphs.

## FIRST CLAIM FOR RELIEF

### Trade Dress Infringement

14. Answering Paragraph 25 of Plaintiff's First Amended Complaint on file herein, Defendants repeat and reallege paragraphs 1 through 13 as though fully set forth herein.

15. Answering Paragraphs 26, 27, 28, 29, 30 and 31 of Plaintiff's First Amended Complaint on file herein, Defendants deny the allegations contained in those paragraphs.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement

16. Answering Paragraph 32 of Plaintiff's First Amended Complaint on file herein, Defendants repeat and reallege paragraphs 1 through 15 as though fully set forth herein.

17. Answering Paragraphs 33, 34, 35, 36, 37, 38, and 39 of Plaintiff's First Amended Complaint on file herein, Defendants deny the allegations contained in those paragraphs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first and separate affirmative defense to the First Amended Complaint, Defendants aver:

1. The First Amended Complaint, and each and every purported claim for relief therein, fails to state facts upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

As a second, separate and further affirmative defense to the First Amended Complaint, Defendants aver:

2. Plaintiff's claims are barred as the purported trade dress alleged in the First Amended Complaint is functional.

### THIRD AFFIRMATIVE DEFENSE

As a third, separate and further affirmative defense to the First Amended Complaint, Defendants aver:

3. Plaintiff's claims are barred as the purported trade dress alleged in the First Amended Complaint is not distinctive.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth, separate and further affirmative defense to the First Amended Complaint, Defendants aver:

4. Plaintiff's claims are barred as the purported trade dress alleged in the First Amended Complaint has not acquired any secondary meaning.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth, separate and further affirmative defense to the First Amended Complaint, Defendants aver:

5. There is no likelihood that the consuming public would be confused between Plaintiff's table layout for "Four Card Poker" and Defendants' "Revised Awada Game" as alleged in the First Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

As a sixth, separate and further affirmative defense to the First Amended Complaint, Defendants aver:

6. Plaintiff's claims are barred because Plaintiff's table layout for "Four Card Poker" does not serve as a source identifier of Plaintiff's business or goods.

## JURY DEMAND

Defendants request a jury on all claims so triable.

## COUNTERCLAIM

Defendants and Counterclaim-Plaintiffs Yehia Awada and Gaming Entertainment, Inc. (collectively "GEI') assert the following counterclaim against Plaintiff and Counterclaim-Defendant Shuffle Master, Inc. ("Shuffle Master) and Counterclaim-Defendant Mark Yoseloff ("Yoseloff").

## JURISDICTION AND VENUE

1   This Court has jurisdiction of these claims under 28 U.S.C. §§1331, 1338(a), 1367, 2201 and 2202, and under the Patent Laws of the United States, 35 U.S.C. §§ 101, et seq. This Court has further jurisdiction under 15 U.S.C. §§ 4, 1121.

2   Venue is proper in this judicial district under 38 U.S.C. § 1391(b).

## PARTIES

3. Defendant and Counterclaim-Plaintiff Yehia Awada is a citizen of the State of Nevada and a resident of the County of Clark, Nevada. Yehia Awada is the President of Gaming Entertainment, Inc.

4. Defendant and Counterclaim-Plaintiff Gaming Entertainment, Inc., is a corporation organized and existing under the laws of the State of Nevada with is principal place of business in the County of Clark, State of Nevada.

5. GEI is informed and believes, and on that ground avers that Shuffle Master is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business at 1106 Palms Airport Drive, Las Vegas, Nevada.

6.    GEI is informed and believes, and on that ground avers that Yoseloff is the Chief Executive of Shuffle Master and is an individual domiciled in the County of Clark, State of Nevada. Yoseloff is joined herein pursuant to Federal Rules of Civil Procedure, Rules 13(h) and 19(a).

## FACTS COMMON TO ALL ALLEGATIONS

7.    GEI and Shuffle Master are competitors in the development, distribution and/or sale of various types of wagering games used in casinos and other gambling establishments. Both GEI and Shuffle Master own or are the assignee of rights under various patents and patent applications in the United States for such games.

8.    GEI is informed and believes, and on that ground avers, that in or about November, 2001, Shuffle Master caused an application for a patent to be filed, Application No. 10/016,436, for "Player Banked Three Card Poker And Associated Games" in which the claimed inventors were Derek J. Webb and Roger M. Snow. This application proceeded to registration on March 2, 2004 as United States Patent Registration No. 6,698,759 ("'759 patent").

9.    GEI is informed and believes, and on that basis avers, that at the time Shuffle Master caused application No. 10/016,436 to be filed, it knew that neither Roger M. Snow ("Snow") nor Derek J. Webb ("Webb") were properly identified as the inventors as neither were the "inventors" of the alleged invention as defined under the Patent Laws. Shuffle Master intentionally and willfully caused the application to be filed knowing that neither Snow nor Webb were the actual inventors or the co-inventors and did so for the purpose of misleading the United States Patent and Trademark Office and to claim that the application was a continuation-in-part of earlier applications and/or patents of Webb, thereby providing the application with the benefit of an earlier filing dates and the earlier claimed inventions of Webb. GEI is informed and believes, and on the ground avers that the United States Patent and Trademark Office relied upon such representations in granting the application and issuing the '759 patent.

10.    GEI is informed and believes, and on that ground avers, that in or about May 20, 2002, Shuffle Master caused an application to be filed with the United States Patent and Trademark Office, Application Serial No. 10/152,325 ("'325 application") for a four card poker

1  wagering table game knowingly and falsely claiming in such application that Snow and Webb
2  were co-inventors of the claimed invention. Shuffle Master intentionally and willfully caused the
3  application to be filed knowing that Snow and Webb were not the inventors or the co-inventors
4  and did so for the purpose of misleading the United States Patent and Trademark Office and to
5  claim that the application was a continuation-in-part of earlier applications and/or patents of
6  Webb, thereby providing the application with the benefit of an earlier filing date and the claimed
7  inventions of Webb. GEI is informed and believes, and in that ground avers, that the United States
8  Patent and Trademark Office relied upon such representations in issuing its Notice of Allowance
9  for the '325 application.

11. Shuffle Master is the owner or assignee of numerous casino wagering games and is one of the largest suppliers of poker table games in marketplace. "Three Card Poker" and "Four Card Poker" of Shuffle Master are two of the most widely placed proprietary poker table games in the United States.

    A.    Shuffle Master has adopted an illegal anticompetitive practice of asserting its invalid '759 patent and the invalid '325 application and related rights in bad faith against competitors, including GEI, in a successful attempt to coerce casinos to acquire their poker table games and not those from other suppliers upon threat of lawsuits.

    B.    Shuffle Master filed an action in the United States District Court for the Northern District of Mississippi, *Shuffle Master, Inc. v. Gaming Entertainment, Inc.*, Case No. 3:03cv122 MA asserting that GEI's 3-5-7 poker game infringed its alleged patent rights. This action was an attempt at forum shopping as there was no basis for jurisdiction and Shuffle Master filed such action to force GEI to incur substantial fees and costs in the hope of causing it to cease business.

    C.    Shuffle Master filed an action in the United States District Court for the District of Nevada, *Shuffle Master, Inc. v. Yehia Awada, Gaming Entertainment, Inc.*, Case No. CV-S-04-0980 JCM asserting that

4837-3810-8672.1                           Page 7 of 16

1                   GEI has infringed the invalid '759 patent with its 3-5-7 poker game.

2      D.    GEI is informed and believes, and on that ground avers, that representatives of Shuffle Master have asserted that Shuffle Master has rights in the invalid '325 application for a game commonly known as "Four Card Poker" and that GEI's game "Play Four Poker" violates Shuffle Master's rights in the '325 application.

     E.    Shuffle Master has attempted to preclude GEI's 3-5-7 game and "Play Four Poker" game from sale or lease in the poker table game market through use of its exclusionary power arising from the invalid '759 patent and its claims under the invalid '325 application, and related rights.

     F.    Shuffle Master has filed the instant action seeking to enforce purported trade dress rights in aspects of the game layout which are clearly functional, non-distinctive and non-proprietary.

     G.    Shuffle Master has asserted these baseless and improper claims against other competitors as well.

12.     GEI is informed and believes, and on that ground avers, that Shuffle Master has no good faith basis for believing that the '759 patent and the '325 application are valid and that such allegations against GEI have been made, and actions commenced against GEI, solely to disrupt the marketplace and adversely impact GEI's relationships with their customers, all to Shuffle Master's benefit and GEI's damage. As a direct result of Shuffle Master's illegal, bad faith and anti-competitive marketplace activities and accusations of infringement, GEI's relationships with its customers have been adversely impacted. GEI has been damaged by the actions of Shuffle Master as averred herein an amount that will be proven at trial.

13.     Shuffle Master and Yoseloff also continue to defame and disparage GEI and its products in the marketplace by claiming as follows:

     A.    That GEI's 3-5-7 poker game infringes Shuffle Master's invalid '759 patent.

B.  Falsely reporting to the press the results of the hearing on the temporary restraining order in this action. Shuffle Master falsely stating it was "...granted a restraining order prohibiting GEI from displaying or advertising their Play Four Poker game that Shuffle Master claims violates its patent" when Shuffle Master knew it had no such patent rights and that the Court's order only related to the display of a single specific game layout, but not the game itself. This misrepresentation resulted in false news articles in September 2005, read by GEI's customers and potential customers.

C.  Shuffle Master, thorough its Chief Executive, Yoseloff, and Snow, its Director of Game Development, in letters and other communications to customers and potential customers in the poker table game marketplace, falsely claimed, among other things, that GEI's "Play Four Poker" product was a "carbon copy" of Shuffle Master's "Four Card Poker" game, falsely claimed that the Court granted a TRO to stop the "out-and-out copying" of Shuffle Master's game and that GEI was a "knock-off artist" that continued to offer its game to interfere with Shuffle Master's customers and to "steal" its customers.

D.  Shuffle Master, through its employees, including Yoseloff, after this Court's ruling on the TRO in this action, stated to GEI's customers and potential customers that GEI and AWADA were "thieves" and, at the Gaming Expo trade show in 2005, sought to intimidate both Awada and GEI's customers through physical confrontations and threatening accusations of alleged infringement and illegal conduct, also in violation of the rules and policies of the Gaming Expo.

4837-3810-8672.1

Page 9 of 16

## FIRST CLAIM FOR RELIEF

### (Patent Misuse of Patent 6,698,759)

14. GEI incorporates by this reference the averments of Paragraphs 1 through 13, above, as though fully set forth herein.

15. In an unlawful attempt to obtain a patent, Shuffle Master caused the applicants to fail to disclose to the United States Patent and Trademark Office that Webb and Snow were not the actual or co-inventors of the '759 patent.

16. Shuffle Master knowingly and intentionally made the foregoing material misrepresentations and omissions. These material misrepresentations and omissions were made by Shuffle Master with the intent to deceive the United States Patent and Trademark Office in violation of the duty of candor and good faith, and the United States Patent and Trademark Office relied upon the foregoing misrepresentations and omissions to ultimately issue the '759 patent.

17. Shuffle Master has proceeded to enforce this invalid patent by filing claims of patent infringement against GEI. This action for infringement based upon an invalid patent has an anti-competitive effect, impacting GEI's customers and potential customers.

18. Shuffle Master's actions to enforce the '759 patent that was illegally obtained amounts to an attempt to unfairly obtain monopoly rights and constitutes patent misuse.

19. GEI has suffered damages as a result of Shuffle Master's misuse of the '759 patent.

## SECOND CLAIM FOR RELIEF

### (Patent Misuse Application No. 10/152,325)

20. GEI incorporates by this reference the averments of Paragraphs 1 through 19, above, as though fully set forth herein.

21. In an unlawful attempt to obtain a patent, Shuffle Master caused the applicants to fail to disclose to the United States Patent and Trademark Office that Snow and Webb were not the actual or co-inventors of the invention claimed in the '325 application.

22. Shuffle Master knowingly and intentionally made the foregoing material misrepresentations and omissions. These material misrepresentations and omissions were made by Shuffle Master with the intent to deceive the United States Patent and Trademark Office in

violation of the duty of candor and good faith and in an attempt to claim rights arising from co-pending related application rights and from other co-pending applications and/or patents of Webb.

23. Shuffle Master has proceeded to claim and assert rights in this invalid application by false representations to customers and potential customers of GEI. These claims of infringement has an anti-competitive effect, impacting GEI's customers and potential customers.

24. Shuffle Master's actions under the '325 application that was improperly and illegally filed amounts to an attempt to unfairly obtain monopoly rights and constitutes patent misuse.

25. GEI has suffered damages as a result of Shuffle Master's misuse of the '325 application.

## THIRD CLAIM FOR RELIEF

### (Sherman Antitrust Act, 15 U.S.C. § 2 and Clayton Act, 15 U.S.C. § 15(a))

26. GEI incorporates by this reference the averments of Paragraphs 1 through 25, above, as though fully set forth herein.

27. This claim for relief is based on Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2 and asserts its claim of relief as provided by Section 4(a) of the Clayton Act, 15 U.S.C. § 15(a).

28. Shuffle Master, as one of the largest suppliers of poker table games for the poker table game market, has sufficient market power in the relevant market to lessen or destroy competition for competitive games.

29. By the acts asserted herein, Shuffle Master seeks to monopolize the poker table game market and has attempted to effect such monopolization through the assertion of rights in the '759 patent and the '325 application knowing such to be invalid and with the intent to adversely affect competition.

30. GEI has suffered damages as a result of Shuffle Master's conduct in an amount to be proven at trial and trebled as provided under 15 U.S.C. § 15(a).

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief - '325 Patent Application Invalidity)

31. GEI incorporates by this reference the averments in Paragraphs 1 through 30, as though fully set forth herein.

32. This is an action for declaratory judgment under 28 U.S.C. §2201, predicated on the Declaratory Judgment Act by reason that the action arises under the patent laws of the United States.

33. In an unlawful attempt to obtain a patent, Shuffle Master caused the applicants to fail to disclose to the United States Patent and Trademark Office that Snow and Webb were not the actual or co-inventors of the invention claimed in the '325 application.

34. Shuffle Master knowingly and intentionally made the foregoing material misrepresentations and omissions. These material misrepresentations and omissions were made by Shuffle Master with the intent to deceive the United States Patent and Trademark Office in violation of the duty of candor and good faith and in an attempt to claim rights arising from co-pending related application rights and from other patents of Webb.

35. An actual controversy of a justiciable nature exists between GEI and Shuffle Master involving the validity of the '325 application and GEI requests a judicial declaration that the '325 application is invalid.

36. GEI has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition Pursuant to 15 U.S.C. §1125(a))
### (Against Shuffle Master and Yoseloff)

37. GEI incorporates by this reference the averments in Paragraphs 1 through 36, as though fully set forth herein.

38. This claim for relief is for unfair competition pursuant to 15 U.S.C. §1125(a), the anti-competitive actions of Shuffle Master and Yoseloff as averred herein constitute unfair competition in that Shuffle Master made (1) false and misleading statements about Shuffle Master's purported rights in the invalid '759 patent and the invalid '325 applications; (2) false and

LEWIS BRISBOIS BISGAARD & SMITH LLP
400 SOUTH FOURTH STREET, SUITE 500
LAS VEGAS, NEVADA 89101
TELEPHONE (702) 893-3383

1  misleading representations about GEI's 3-5-7 game and the "Play Four Poker" game; (3) false and
2  misleading statements about the alleged infringing nature of GEI's products; and (4) false and
3  misleading statements as to the results of the hearing herein and the nature and effect of the
4  Court's TRO order, all of which are likely to cause confusion or mistake as to the nature of GEI's
5  products and services and constitute marketplace activities which misrepresent the nature,
6  characteristics and qualities of both Shuffle Master's and GEI's goods and services.

7       39.  Shuffle Master and Yoseloff either know such statements to be false or have made
8  such statements with a reckless disregard as to whether they are true and as such have acted in bad
9  faith.

10      40.  As a proximate result of the actions of Shuffle Master and Yoseloff as averred
11 herein, GEI has been damaged in an amount to be proven at trial. Moreover, because this is an
12 exceptional case and Shuffle Master's and Yoseloff's activities are willful and reckless, GEI is
13 entitled to disgorgement of Shuffle Master's profits from the wrongful acts averred herein.

14      41.  As a result of the intentional and reckless acts of Shuffle Master and Yoseloff as
15 averred herein, this is an exceptional case and GEI is entitled to enhanced damages and attorney's
16 fees.

17      42.  GEI is further entitled to injunctive relief.

## SIXTH CLAIM FOR RELIEF

### (Intentional Interference with Prospective Business Advantage)
### (Against Shuffle Master and Yoseloff)

21      43.  GEI incorporates by this reference the averments in Paragraphs 1 through 40,
22 above, as though fully set forth herein.

23      44.  GEI's customers acquire poker table games throughout the year as the customer's
24 needs for such games arises. GEI's relationships with its customers are long term, based on a
25 course of dealing for an extended period of time. GEI also has a current and prospective economic
26 advantage with its current customers, and other, prospective, customers.

27      45.  Shuffle Master and Yoseloff are aware of the nature of GEI's actual and
28 prospective relationships with its customers and have intentionally adopted a bad faith and anti-

1  competitive course of action as averred herein to disrupt GEI's ongoing relationships with its
2  customers.

3  46.  GEI's relationships and prospective economic advantages with its customers have
4  been disrupted as a result of Shuffle Master's and Yoseloff's anti-competitive activities as averred
5  herein.

6  47.  GEI has suffered actual damages as a result of the loss of sales to its customers
7  caused by Shuffle Master's and Yoseloff's anti-competitive activities as averred herein in an
8  amount to be determined at trial.

9  48.  Shuffle Master's and Yoseloff's activities as averred herein are willful, malicious
10 and oppressive and are os such a nature as to entitle GEI to punitive damages.

## SEVENTH CLAIM FOR RELIEF

### (Trade Libel)

### (Against Shuffle Master and Yoseloff)

49.  GEI incorporates by this reference the averments in paragraphs 1 through 48, above, as though fully set forth herein.

50.  The statements made by Shuffle Master and Yoseloff regarding GEI's Play Four Poker game as averred herein are false and known to be false by Shuffle Master and Yoseloff, or were made in reckless disregard of the falsity of the statements.

51.  The statements made by Shuffle Master and Yoseloff regarding GEI's "Play Four Poker" game as averred herein were made by Shuffle Master and Yoseloff with malice and in bad faith.

52.  The false and disparaging statements made by Shuffle Master and Yoseloff as averred herein have caused pecuniary damage to GEI in an amount to be determined at trial.

53.  The actions of Shuffle Master and Yoseloff in making the false and disparaging statements as averred herein were willful, malicious and oppressive and are of such a nature as to entitle GEI to an award of punitive damages.

WHEREFORE, Counterclaim-Plaintiffs Yehia Awada and Gaming Entertainment, Inc. (collectively "GEI") pray as follows:

1. That judgment be entered in favor of GEI and against Shuffle Master on all claims for relief in the Counterclaim and, as to Yoseloff, that judgement be entered on the claims asserted in the Fifth, Sixth and Seventh Causes of Action.

2. That a declaratory judgment be entered in favor of GEI and against Shuffle Master declaring that the '325 application is invalid.

3. For damages suffered by GEI in an amount to be proven at trial on all of GEI's claims for relief.

4. For treble damages on GEI's Third Claim for Relief in an amount to be proven at trial as provided under 15 U.S.C. § 15(a).

5. For attorneys' fees incurred herein as an exceptional case.

6. For a temporary restraining order, preliminary injunction and permanent injunctive relief and damages suffered as a result of Shuffle Master's and Yoseloff's violation of 15 U.S.C. § 1125(a).

7. For an accounting of Shuffle Master's profits as a result of its unfair trade practices pursuant to 15 U.S.C. § 1125(a).

8. For GEI's costs of suit herein; and

9. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY

Counterclaim-Plaintiffs request a jury on all claims so triable.

Date: December 5, 2005                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

*[signature]* #6281 (bo)
Sheri Schwartz, Esq., Nevada Bar No. 008657
400 S. Fourth St., Suite 500
Las Vegas, Nevada 89101
Attorneys for Defendants/Counterclaim Plaintiffs
Yehia Awada and Gaming Entertainment, Inc.

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of and that on this 5th day of December, ~~October,~~ 2005, I did cause a true copy of DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM AND JURY DEMAND to be placed in the United States Mail, with first class postage prepaid thereon, and addressed as follows:

Kirk B. Lenhard
Philip M. Ballif
Tamara Beatty Peterson
Jones Vargas
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, NV  89109
Phone: (702) 862-3300
Fax:     (702) 737-7705
Attorneys for Plaintiff
Shuffle Master, Inc.

Lisa M. Holubar, Esq.
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL  60601
Phone:      (312) 861-2000
Facsimile:  (312) 861-2200

By _____
An Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP

4837-3810-8672.1

Page 16 of 16