TAMARA BEATTY PETERSON (Bar No. 5218)
JONES VARGAS
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, Nevada 89109
Telephone: (702) 862-3300
Facsimile:   (702) 737-7705

BARRY F. IRWIN (Bar No. 9068)
JAMI A. JAROSCH
*(Admitted Pro Hac Vice)*
KIRKLAND & ELLIS, LLP
200 East Randolph Drive
Chicago, Illinois  60601
Telephone:  (312) 861-2000
Facsimile:   (312) 861-2200

*Attorneys for Shuffle Master, Inc. and Counter-Defendant Mark Yoseleff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SHUFFLE MASTER, INC. <br><br> Plaintiff, <br><br> v. <br><br> YEHIA AWADA, and GAMING ENTERTAINMENT, INC. <br><br> Defendants. <br><br> GAMING ENTERTAINMENT, INC., and YEHIA AWADA, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> SHUFFLE MASTER, INC., and MARK YOSELOFF, <br><br> Counterclaim-Defendants. | CASE NO. CV-S-05-1112-RCJ-RJJ <br><br><br><br><br><br> **SHUFFLE MASTER'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND TO STAY PROCEEDINGS** |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND FACTS ................................................................................... 1

    A. Shuffle Master's Claims in this Action (the "Play Four Poker Trade Dress Case"). ................................................................................................ 1

    B. Defendants' Counterclaims in this Action. ............................................ 2

    C. The '357 Patent Infringement Litigation Before Judge Sandoval. ....... 3

III. LEGAL STANDARD ........................................................................................ 4

IV. ARGUMENT 6

    A. Defendants Have Failed to Make a Case for Judgment on the Pleadings. ................................................................................................ 6

        1. Shuffle Master's Requested Relief is Not Moot. ............................ 7
        2. Consolidation of Defendants' Counterclaims Into the '357 Patent Infringement Case Is Not Appropriate. ......................................... 10

    B. A Stay of These Proceedings is Not Warranted. ................................. 12

V. CONCLUSION ................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Ahrens v. Bowen*,
  852 F.2d 49, 52-53 (2d Cir. 1988) .................................................................................... 9

*Athearn v. Alaska Airlines, Inc.*,
  118 Fed. Appx. 172 (9th Cir. 2004) .................................................................................. 5

*Celotex Corp. v. Catrett*,
  477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) ....................................... 5

*CMAX, Inc. v. Hall*,
  300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55) ......................... 12

*Doe v. State*, No. 02:03-CV-01500-LRH, 2006 WL 2583746, *1 n.2 (slip op.) (D. Nev.
  Sept. 7, 2006) ................................................................................................................... 5

*Ford Motor Co. v. Lapertosa*,
  126 F. Supp. 2d 463 (E.D. Mich. 2000) ........................................................................... 9

*Geddes v. United Fin. Group*,
  559 F.2d 557, 561 (9th Cir. 1977) ............................................................................ 10, 12

*H.O. Sports Inc. v. Earth & Ocean Sports Inc.*,
  57 U.S.P.Q.2d 1927, 1930-31 (W.D. Wash. 2001) .......................................................... 8

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
  896 F.2d 1542, 1550 (9th Cir. 1990) ................................................................................ 4

*Hamilton v. Keystone Tankship Corp.*,
  539 F. 2d 684, 686 ............................................................................................................ 7

*Henderson v. Nat'l R.R. Passenger Corp.*,
  118 F.R.D. 440, 441 (N.D. Ill. 1987) ......................................................................... 11, 12

*Intel Corp. v. U.S. Int'l Trade Comm'n*,
  946 F.2d 821, 830 & n. 14 (Fed. Cir. 1991) ..................................................................... 8

*Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Calif.*,
  877 F.2d 777 (9th Cir. 1989) .......................................................................................... 10

*Johnson v. Manhattan Ry.*,
  289 U.S. 479, 496-97 (1933) .......................................................................................... 10

*Leong v. Potter*,
  347 F.3d 1117 (9th Cir. 2003) .......................................................................................... 5

*Lon Tai Shing Co. v. Koch + Lowry*,
  19 U.S.P.Q.2d 1081, 1109 (S.D.N.Y. 1990) .................................................................... 9

*Malaytex USA, Inc. v. Colonial Surgical Supply, Inc.*,
  44 U.S.P.Q.2d 1291, 1295-96 (N.D. Cal. 1997) .............................................................. 9

*Mills v. Beech Aircraft Corp., Inc.*
  886 F.2d 758, 762 (5th Cir. 1989) .................................................................................. 11

*Patton v. Aerojet Ordnance Co.*,
  765 F.2d 604, 606 (6th Cir. 1985) .................................................................................. 10

*Russ v. Standard Ins. Co.*,
  120 F.3d 988, 990 (9th Cir. 1997) .................................................................................. 11

*Sheet Metal Workers' Int'l Ass'n. v. Nat'l Labor Relations Bd.*,
  716 F.2d 1249, 1254 (9th Cir. 1983) ................................................................................ 6

*Surgitek, Inc. v. Dow Corning Corp.*,
  1992 WL 176560 *1 (N.D. Cal. 1992) ............................................................................ 10

*Trs. of Operating Eng'rs Pension Trust v. Tab Contractors, Inc.*,
  224 F. Supp. 2d 1272, 1275 (D. Nev. 2002) ..................................................................... 5

*United States v. Concentrated Phosphate Export Ass'n, Inc.*,
  393 U.S. 199, 203 (1968) ................................................................................................. 8

*United States v. W.T. Grant Co.*,
  345 U.S. 629, 632 (1953) ................................................................................................. 8

*Walton v. Eaton Corp.*,
  563 F.2d 66, 71 (3d Cir. 1977) ...................................................................................... 11

*White by White v. Pierce County*,
  797 F.2d 812, 815 (9th Cir. 1986) ................................................................................... 6

**Rules**

FED. R. CIV. P. 12(c)............................................................................................................. 5

FED. R. CIV. P. 42(a)........................................................................................................... 10

FED. R. CIV. P. 56(c)............................................................................................................. 5

## I. INTRODUCTION

Defendants' ill-conceived Motion for Judgment on the Pleadings is contrary to law, misrepresents the undisputable facts and history of this case, and relies on "evidence" that is *outside* the scope of the pleadings. Defendants claim they have spent a large sum defending this litigation and ignore the fact that **Defendants**, not Shuffle Master, are the ones that greatly increased the scope and cost of this litigation by bringing unfounded and frivolous counterclaims which they have not seriously prosecuted, and seemingly had no intention of doing so. Defendants' motion should be denied with prejudice.

## II. BACKGROUND FACTS

### A. Shuffle Master's Claims in this Action (the "Play Four Poker Trade Dress Case").

Plaintiff Shuffle Master, Inc. ("Shuffle Master") is an undisputed innovator and leader in the field of specialty casino table games. In early September, 2005, at the G2E Gaming Convention at the Las Vegas Convention Center, Defendant Yehia Awada ("Awada") and his corporate alter-ego, Defendant Gaming Entertainment, Inc. ("GEI") — direct competitors of Shuffle Master in the casino table game industry — unveiled a "new and improved" version of their Play Four Poker game that was nothing more than a blatant copy of one of Shuffle Master's most popular games, Four Card Poker. Shuffle Master responded by filing a complaint and immediately moving this Court for a temporary restraining order ("TRO"). (*See* Docket Entry Nos. 1-2, Shuffle Master's Complaint for Injunctive Relief and Damages and Motion for Temporary Restraining Order.) On September 14, 2005 this Court entered the requested TRO, temporarily

-1-

enjoining Awada and GEI (together the "Defendants") from copying Shuffle Master's trade dress in the overall appearance of Four Card Poker. (Docket No. 4).

Following entry of the TRO, Shuffle Master offered to curtail the need for further briefing and argument on its claims if Defendants would agree to cease marketing/selling their infringing table game, but Defendants refused. Thus to protect its rights pending trial, Shuffle Master moved for preliminary injunctive relief. Over Defendants' opposition, Shuffle Master prevailed. On August 31, 2006, this Court entered an Order granting Shuffle Master's requested injunctive relief and, in the process, finding Shuffle Master likely to succeed on the merits of its claims. (Docket No. 94).

**B.     Defendants' Counterclaims in this Action.**

On December 5, 2005, Defendants filed their response to Shuffle Master's First Amended Complaint, which included seven counterclaims for, *inter alia*, purported antitrust violations and unfair competition. Shuffle Master moved to dismiss all seven of Defendants' Claims For Relief, for failure to state a claim and for lack of ripeness. Following oral argument on March 27, 2006, this Court determined that Defendants' Claims 1, 2, 4 and 6 should be dismissed, but Defendants were given leave to amend Count 6. (*See* Docket No. 78, Transcript of Proceedings). On October 10, 2006, Defendants filed their Second Amended Counterclaim, per this Court's Order of September 27, 2006. (Docket Nos. 96-97).

From the date on which they first filed their Counterclaims through August 31, 2006, the date on which—by stipulation of the parties and order of this Court—fact discovery closed, Defendants conducted absolutely no discovery related to the allegations of their counterclaims. (*See* Exhibit A hereto, Stipulation and Order to Extend Certain

-2-

Dates, Docket No. 91). Defendants failed to propound a single interrogatory or written discovery request upon Shuffle Master; nor did Defendants notice or take a single deposition. And although it is nearly impossible to prevail upon any antitrust claim—let alone a patent antitrust claim, such as the ones brought by Defendants here—without some form of expert testimony or evidence, Defendants let the deadline for expert disclosure in this case come and go without taking any action. Defendants have retained no experts—antitrust, economic or otherwise. Furthermore, while Shuffle Master *has* retained three experts (to support both its affirmative claims of trade dress and its counterclaim defenses), Defendants have to date conducted no discovery on, and sought no depositions of, those individuals; as expert discovery closes in this matter on November 15, Defendants clearly have no intention of doing so. (Ex. A).

In response to Shuffle Master's comprehensive discovery requests (*see* composite Ex. B hereto), which sought, *inter alia*, all evidence upon which Defendants intend to support their four remaining counterclaims, Defendants produced a mere 153 pages of documentation. In responding to Shuffle Master's interrogatories for the factual contentions Defendants intend to rely upon at trial to prove their claims, Defendants did little more than restate the allegations of their counterclaim complaint. (Ex. C).

**C.   The '357 Patent Infringement Litigation Before Judge Sandoval.**

The instant action is not the only litigation pending between Shuffle Master and Defendants. Since July of 2004, the parties have also been engaged in a protracted dispute in this district related to Shuffle Master's patents on its Three Card Poker and LET IT RIDE table games, Case No. CV-S-04-0980-BES (PAL), which currently pends before Judge Sandoval and Magistrate Judge Leen (referred to herein as the "357 Patent

-3-

1  Infringement Case"). As with this case, the '357 Patent Infringement Case has been
2  marked by Defendants' filing of unsupported counterclaims and dilatory tactics. Indeed,
3  the schedule in that case was extended once by agreement solely to accommodate
4  Defendants; two additional extensions sought by Defendants were refused. Despite
5  Defendants' repeated attempts at delay, fact discovery in the '357 Patent Infringement
6  Case has been closed since December 23, 2005; expert discovery has been closed since
7  January 20, 2006; and the parties' dispositive motions have been fully briefed since April
8  14, 2006. (*See* Ex. D hereto, Amended Scheduling Order Upon Stipulation and Ex. E,
9  Docket Report from the '357 Patent Infringement Case).

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), Defendants have moved for judgment on the pleadings on Shuffle Master's claims. "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Id.*

But "judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue." *Id.* Thus where, as here, evidence in addition to the pleadings is submitted, the Court is faced with two choices under the rules: either to disregard the additional items; or else to consider them, and as a consequence treat the proceeding "as a motion for summary judgment." *Id.* In such case, "the motion shall be .

-4-

. . disposed of as provided in Rule 56 [Summary Judgment], and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." FED. R. CIV. P. 12(c); *see also Trs. of Operating Eng'rs Pension Trust v. Tab Contractors, Inc.*, 224 F. Supp. 2d 1272, 1275 (D. Nev. 2002).

In order to prevail upon a motion for summary judgment, the movant must meet both this Court's procedural requirements and make the necessary legal showings. Procedurally, the movant must include a "concise statement setting forth each fact material to the disposition of the motion which the party claims is or is not genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence upon which the party relies." LR 56-1; *see also Doe v. State*, No. 02:03-CV-01500-LRH, 2006 WL 2583746, *1 n.2 (slip op.) (D. Nev. Sept. 7, 2006) (admonishing parties for failing to comply with LR 56-1). Failure to do so can be sufficient grounds for denial of the motion. *See, e.g., Leong v. Potter*, 347 F.3d 1117 (9th Cir. 2003) (affirming denial of summary judgment motion where movant failed to comply with district court's procedural rules); *see also Athearn v. Alaska Airlines, Inc*., 118 Fed. Appx. 172 (9th Cir. 2004) (affirming denial of summary judgment where movant failed to provide record citations for its factual assertions).

Substantively, the movant must meet the test of Rule 56, *i.e.*, establish in the first instance that no genuine issues of material fact exist, and in addition, prove that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986); FED. R. CIV. P. 56(c). Thus, even when no factual issues are genuinely in dispute, the movant will not prevail unless it can also show that no reasonable jury could find for the non-movant on the undisputed evidence. *Celotex,* 477 U.S. at 325. If the moving party's papers are insufficient on their face to make this showing, summary judgment should be denied. *White by White v. Pierce*

*County*, 797 F.2d 812, 815 (9th Cir. 1986) ("Even in the absence of opposing affidavits, summary judgment is inappropriate where the movant's papers are insufficient on their face").

## IV. ARGUMENT

### A. Defendants Have Failed to Make a Case for Judgment on the Pleadings.

Defendants' "Motion for Judgment on the Pleadings" is nothing of the sort. Rather, Defendants motion is a half-hearted attempt to make an end-run around the legal standard of Rule 56 by dressing an unsupported summary judgment motion as a Rule 12(c) motion. In fact, Defendants' motion barely mentions the pleadings in this case, instead making totally new allegations (and providing totally new "evidence") about lost licenses and money spent on attorneys' fees. (*See, e.g.*, Motion at pp. 2-3 and Exhibits D-F thereto). If this Court excludes this new evidence and any argument relying upon it, as is proper in making a determination under Rule 12(c), it is clear that Defendants are left with nothing—not even an argument—to support the granting of their motion.

If this Court does choose to consider Defendants' new "evidence" and arguments, and thus treat the instant motion as one for summary judgment, Defendants fare no better. Defendants have failed to comply with the procedural requirements of LR 56-1 and are simply wrong on the substantive law. Furthermore, even if the procedural deficiencies and legal errors in Defendants' motion were ignored (and they should not be), Defendants' papers themselves would demonstrate an issue of material fact sufficient to defeat summary judgment. *Sheet Metal Workers' Int'l Ass'n. v. Nat'l Labor Relations Bd.*, 716 F.2d 1249, 1254 (9th Cir. 1983) (a court should deny a summary judgment motion if "the movant's papers… themselves demonstrate the existence of a material

-6-

issue of fact").

Specifically, although Defendants now claim that their license to the "Play Four Poker" game was "terminated," on July 1, 2006, on the very same page of their Motion, Defendants admit that *they currently have four installations of the game*, one of which occurred as recently as September 1, 2006. (D. Motion at 3) To the extent that Defendants rely on the "termination" of their license as evidence that Shuffle Master's requested relief is moot, their admission that they have four current installations calls the purported termination into question and raises genuine issues of material fact on this point.

Because Defendants' motion is procedurally inappropriate and substantively deficient, this Court can, and should, stop its inquiry right here and simply deny the motion with prejudice. *Hamilton v. Keystone Tankship Corp.*, 539 F. 2d 684, 686 (summary judgment should be denied where "the movant's papers on their face are clearly insufficient to support a motion for summary judgment and where, as here, those papers themselves suggest the existence of a genuine issue of material fact"); *see also White*, 797 F.2d at 815 ("Even in the absence of opposing affidavits, summary judgment is inappropriate where the movant's papers are insufficient on their face"). Nonetheless, out of an abundance of caution, Shuffle Master addresses the arguments made in support of Defendants' motion below.

**1.      Shuffle Master's Requested Relief is Not Moot.**

Shuffle Master seeks, in addition to damages, permanent injunctive relief prohibiting Defendants from returning to their infringing activity. Although Defendants argue in their Motion that "injunctive relief is sufficient to address [Shuffle Master's]

-7-

complaint," they notably do not agree to entry of a permanent injunction. (D. Motion at 4). Rather, they allege that they have lost their license to distribute the Play Four Poker game, and thus Shuffle Master's request for such relief is moot. In other words, Defendants assert that their cessation of infringing activity is cause for dismissal on mootness grounds. Defendants made this same argument in opposing Shuffle Master's Motion for Preliminary Injunction last spring. Case law instructs that it is no more persuasive now than it was back then.

Per the Supreme Court, the "test for mootness in cases such as this is a stringent one." *United States v. Concentrated Phosphate Export Ass'n, Inc.*, 393 U.S. 199, 203 (1968). "Mere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave 'the defendant… free to return to his old ways.'" *Id., quoting United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953). The party arguing mootness has a "heavy burden of persuasion" and must show that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.*

Following the law of *Concentrated Export*, courts have consistently held that one party's cessation of infringing activity does not moot the need for injunctive relief. *See Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 830 & n. 14 (Fed. Cir. 1991) (concluding that a claim of patent infringement was not mooted by the manufacturer's unilateral decision to stop making the allegedly infringing design and granting permanent injunctive relief); *H.O. Sports Inc. v. Earth & Ocean Sports Inc.*, 57 U.S.P.Q.2d 1927, 1930-31 (W.D. Wash. 2001) (voluntary cessation of infringing activities is not grounds for denial of injunctive relief); *Malaytex USA, Inc. v. Colonial Surgical Supply, Inc.*, 44

U.S.P.Q.2d 1291, 1295-96 (N.D. Cal. 1997) (issuing preliminary injunction despite defendant's proffered cessation of offending practices); *Ford Motor Co. v. Lapertosa*, 126 F. Supp. 2d 463 (E.D. Mich. 2000) (preliminary injunction awarded even though defendant had ceased using infringing domain name); *Lon Tai Shing Co. v. Koch + Lowry*, 19 U.S.P.Q.2d 1081, 1109 (S.D.N.Y. 1990) (bare promise to forbear enjoinable conduct not basis for denial of injunctive relief).

Defendants fail to meet their "heavy burden of persuasion" here. The mere fact that Defendants' license agreement to Play Four Poker was terminated provides no guarantee against future infringement. For one thing, Defendants admit that despite the supposed "termination" of the license agreement, they nonetheless have four current installations of their game. In the absence of a permanent injunction, there is nothing to stop Defendants from returning at any time to their infringing activity, by swapping in the copycat felt that forced Shuffle Master to initiate these proceedings, or by renegotiating their license agreement to increase the number of Play Four Poker installations, or even by offering Play Four Poker without a license from their original licensor. Defendants' Rule 12(c) motion for judgment on the pleadings on mootness grounds must therefore be denied. *See Ahrens v. Bowen*, 852 F.2d 49, 52-53 (2d Cir. 1988) (upholding the denial of defendant's Rule 12(c) motion for dismissal on mootness grounds because defendant's voluntary cessation of challenged conduct does not moot case).

### 2. Consolidation of Defendants' Counterclaims Into the '357 Patent Infringement Case Is Not Appropriate.

Based on Defendants' complete failure to conduct any discovery in support of their counterclaims in this action, it seems highly likely those claims were merely brought as litigation tools: to harass Shuffle Master and increase its expenses, gain negotiation leverage and delay these proceedings. Defendants now claim that if they succeed on the instant motion, they intend to try the same thing with these counterclaims in another forum—the '357 Patent Infringement Case. (D. Motion at 6). Defendants should not be allowed to do so. To the extent that this Court denies the Rule 12(c) portion of Defendants' motion, the consolidation issue is moot and need not be addressed. But even if this Court does choose to address the issue, it is clear that consolidation is not appropriate here.

Under Rule 42(a), district courts have broad discretion to consolidate separate actions that present "a common question of law or fact" when appropriate. FED. R. CIV. P. 42(a); *Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Calif.*, 877 F.2d 777 (9th Cir. 1989). But consolidation "does not merge suits into a single cause, or change the rights of the parties." *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496-97 (1933). In other words, "consolidated actions are independent from each other," and each action retains its separate character and requires a separate judgment. *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 606 (6th Cir. 1985); *see also Geddes v. United Fin. Group*, 559 F.2d 557, 561 (9th Cir. 1977).

Consolidation is not proper if a party is simply using it as a tactical measure. *Surgitek, Inc. v. Dow Corning Corp.*, 1992 WL 176560 *1 (N.D. Cal. 1992)

-10-

1  (consolidation is improper if "apparent that it was prompted more by tactical
2  considerations than concerns that judicial efficiency requires consolidation"); *see also*
3  *Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir. 1997), *citing with approval Walton*
4  *v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) (en banc) (consolidation should not be
5  used to circumvent the rules pertaining to amendment of complaints).  Nor is
6  consolidation appropriate if it will cause undue delay or prejudice.  *See, e.g., Mills v.*
7  *Beech Aircraft Corp., Inc.* 886 F.2d 758, 762 (5th Cir. 1989) (holding that consolidation
8  is properly denied if "cases are at different stages of preparedness for trial"); *Henderson*
9  *v. Nat'l R.R. Passenger Corp.*, 118 F.R.D. 440, 441 (N.D. Ill. 1987) (denying
10 consolidation on the grounds of undue delay where cases are at different stages of
11 discovery).
12
13        Defendants clearly intend to use consolidation as a tactical measure that will
14 result in undue delay and prejudice to Shuffle Master.  They should not be allowed to
15 follow through on their plan, most importantly because consolidation of this case with the
16 '357 Patent Infringement Case simply does not make sense.  Discovery is closed in both
17 cases  (and Defendants have let pass their chance to conduct any written discovery, take
18 depositions, or retain experts to support their claims in this case); the parties' summary
19 judgment motions have been fully briefed in the '357 Patent Infringement Case, and are
20 due to be filed next month in the instant case (*see* Ex. A, D, E); the deadline for
21 amendment of pleadings is likewise long past in both cases.  *See Walton*, 563 F.2d at 71
22 (consolidation should not be used as a vehicle to circumvent deadline for amending
23 pleadings).  There is nothing left to consolidate except trial on the merits, which is hardly
24 justification—it is undeniable that each case requires a separate judgment. *Geddes*, 559

-11-

F.2d at 561; *Johnson*, 289 U.S. at 496-97.

Not only is consolidation unnecessary, it is unjustified, because consolidating Defendants' counterclaims from this matter into the '357 Patent Infringement Case would undeniably complicate those proceedings, unduly delay summary judgment rulings and trial, and—most prejudicial to Shuffle Master—give Defendants a second bite at the proverbial apple. Consolidation is thus both unwarranted and unfair, and should not be granted.

**B.      A Stay of These Proceedings is Not Warranted.**

Defendants seek a stay of these proceedings pending the Court's decision on the instant motion. In using its discretion to stay proceedings, this Court "must weigh competing interests," *Id.* at 254-255, including "the possible damage which may result from the granting of a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). Defendants argue that "continuing the proceedings in this matter will only serve to increase the attorneys' fees and costs expended in this litigation." That is not sufficient justification for a stay, and does not override the fact that judicial economy is best served by a speedy resolution of this matter on summary judgment. Moreover, it is hard to see how fees and costs could substantially increase at this point, as the preparation for dispositive motion practice—fact and expert discovery—has concluded. Defendants stipulated to the current scheduling order less than three months ago, and they should be held to that agreement. No stay of proceedings is warranted.

-12-

## V. CONCLUSION

For all of the foregoing reasons, Shuffle Master respectfully requests that Defendants' Motion for Judgment on the Pleadings and to Stay Proceedings should be DENIED.

\*   \*   \*

Dated: November 13, 2006                Respectfully submitted,

  /s/ Jami A. Jarosch
TAMARA BEATTY PETERSON
JONES VARGAS
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, Nevada 89109
Telephone: (702) 862-3300
Facsimile:   (702) 737-7705

BARRY F. IRWIN (Bar No. 9068)
JAMI A. JAROSCH
*(Admitted Pro Hac Vice)*
KIRKLAND & ELLIS, LLP
200 East Randolph Drive
Chicago, Illinois  60601
Telephone:  (312) 861-2000
Facsimile:   (312) 861-2200

*Attorneys for Shuffle Master, Inc. and Counter-Defendant Mark Yoseleff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of November, 2006, a true and correct copy of the foregoing, **SHUFFLE MASTER'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND TO STAY PROCEEDINGS,** was served via overnight delivery on the following:

David N. Makous, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 N Figueora St, Ste 1200
Los Angeles, CA  90012-2601
(213) 250-1800 (t)
(213) 250-7900 (f)

Sheri Schwartz, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
400 S Fourth St, Ste 1200
Las Vegas, NV  89101
(702) 893-3383 (t)
(702) 893-3789 (f)

    /s/ Jami A. Gekas (Jarosch)
An employee of Kirkland & Ellis LLP

-14-