KIRK B. LENHARD (Bar No. 1437)
TAMARA BEATTY PETERSON (Bar No. 5218)
JONES VARGAS
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, Nevada 89109
Telephone: (702) 862-3300
Facsimile:   (702) 737-7705

BARRY F. IRWIN (Bar No. 9068)
JAMI A. GEKAS
*(Admitted Pro Hac Vice)*
GIANNI CUTRI
*(Admitted Pro Hac Vice)*
KIRKLAND & ELLIS, LLP
200 East Randolph Drive
Chicago, Illinois  60601
Telephone:  (312) 861-2000
Facsimile:   (312) 861-2200

*Attorneys for Shuffle Master, Inc. and*
*Counter-Defendant Mark Yoseloff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SHUFFLE MASTER, INC. <br><br> Plaintiff, <br><br> v. <br><br> YEHIA AWADA, and GAMING ENTERTAINMENT, INC. <br><br> Defendants. <br><br> ─────────────────────── <br><br> GAMING ENTERTAINMENT, INC., and YEHIA AWADA, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> SHUFFLE MASTER, INC., and MARK YOSELOFF, <br><br> Counterclaim-Defendants. | CASE NO. CV-S-05-1112-RCJ-RJJ <br><br><br><br><br><br><br><br> **SHUFFLE MASTER'S REPLY BRIEF IN SUPPORT OF ITS EMERGENCY MOTION TO STAY BRIEFING ON DEFENDANTS' MOTION TO SEVER** |

1    Defendants' Opposition to Shuffle Master's Emergency Motion To Stay Briefing

2    On Defendants' Motion To Sever ("Opposition") misses the point of Shuffle Master's

3    Emergency Motion To Stay Briefing On Defendants' Motion To Sever ("Motion to Stay

4    Briefing"): staying briefing on Defendants' Motion to Sever the First Claim of Relief of

5    Second Amended Counterclaim ("Motion to Sever") until after this Court rules on the

6    pending summary judgment motion is the most efficient way to avoid unnecessary

7    expenditures of party or judicial resources because if Shuffle Master's Motion for

8    Summary Judgment No. 2 on Defendants' Counterclaims ("Summary Judgment Motion")

9    is granted, at least as to Counterclaim I, then there is no reason to consider whether that

10   counterclaim should be severed and consolidated with the '759 patent infringement case

11   before Judge Sandoval.  Specifically, if this Court rules in Shuffle Master's favor on the

12   Summary Judgment Motion, the Motion to Sever will be moot.  Argument on Shuffle

13   Master's Summary Judgment Motion will occur within a matter of weeks and it would be

14   wasteful to complete briefing on the Motion to Sever before determining whether there is

15   anything left to sever.

16   Instead of addressing this key issue, Defendants reargue in favor of their Motion to

17   Sever, arguing that both cases involve allegations related to the '759 patent, (Opposition

18   at 2); the "two actions share common issues of fact and law," (*Id.* at 3); and that granting

19   the motion to sever "place[s] the issues relating to the '759 patent all before Judge

20   Sandoval."  (*Id.*) However, as Shuffle Master will establish when it files its opposition to

21   the Motion to Sever, Defendants' request is untimely and without merit.  However, even if

22   Defendants' Motion to Sever had merit, granting Shuffle Master's Motion to Stay Briefing

23   is not dispositive of Defendants' Motion to Sever.  If Shuffle Master's Summary Judgment

24   Motion is denied as to Counterclaim I, then Defendants' Motion to Sever will be briefed,

25   and, if this Court believes Defendants' arguments have merit, it may sever the

26   counterclaim at that point—achieving the alleged efficiencies claimed by Defendants.  If,

27

28

1  however, Shuffle Master's Summary Judgment Motion is granted as to Counterclaim I,

2  these issues never need to be briefed or considered.

3      The only argument advanced by Defendants that remotely pertains to Shuffle

4  Master's Motion to Stay Briefing is a false assertion that there is a possibility of

5  conflicting decisions should this Court reach the merits of Shuffle Master's Summary

6  Judgment Motion.  Specifically, Defendants argue that Judge Sandoval has already been

7  "fully and extensively briefed on the issues," (Opposition at 2), and the "very same issue"

8  raised by Shuffle Master's Summary Judgment Motion is "presently before Judge

9  Sandoval, and has been since April 2006." (*Id.* at 3.)  As such, Defendants assert that

10  briefing on Shuffle Master's Summary Judgment Motion should be stayed.  (*Id.*)

11      However, the premise of Defendants' argument is wrong.  Shuffle Master moved

12  for summary judgment as to the antitrust claim in this case based on the fact that

13  Defendants have failed to establish critical elements of the claim—namely, that Defendants

14  will not be able to: (1) meet their burden of establishing the relevant market; (2) meet their

15  burden to show that Shuffle Master has market power in the relevant market; and (3)

16  show that Shuffle Master committed knowing and willful fraud in obtaining U.S. Patent

17  No. 6,698,759 ("the '759 patent").  None of these issues are before Judge Sandoval.

18  While alleged inequitable conduct during the prosecution of the '759 patent is before

19  Judge Sandoval, the issues of deliberate and willful fraud (which Defendants must prove

20  to succeed on the their Counterclaim I here, *Walker Process Equip., Inc. v. Food Mach.*

21  *& Chem. Corp.*, 382 U.S. 172, 174 (1965)) are not.  Indeed, the Federal Circuit has

22  explained that a mere showing of "inequitable conduct," which can be sufficient to

23  invalidate a patent, is insufficient to show knowing and willful fraud as required to prove a

24  violation of Section 2 of the Sherman Act.  *Argus Chem. Corp. v. Fibre Glass-Evercoat*

25  *Co.*, 182 F.2d 1381, 1384-85 (Fed. Cir. 1987).  Therefore, Judge Sandoval has not been

26  briefed on the issues raised by Shuffle Master's Summary Judgment Motion and there is

27

28                                                          -2-

1   no risk that Judge Sandoval will render a ruling inconsistent with this Court's findings on
2   those issues because they are simply not before Judge Sandoval.[1]  Further, this Court need
3   not render a decision on the additional issues which are before Judge Sandoval—
4   inventorship or inequitable conduct—to grant Shuffle Master's Summary Judgment
5   Motion.   This Court is only considering whether there is sufficient evidence for a
6   reasonable jury to conclude that Shuffle Master attempted to monopolize under Section 2
7   of the Sherman Act.  Which, as Shuffle Master set out in its Summary Judgment Motion,
8   among other elements, requires that Defendants establish the relevant market, that Shuffle
9   Master had monopoly power in that market, and that Shuffle Master committed knowing
10   and willful fraud on the Patent Office.[2]  (Summary Judgment Motion, at 6-18.)   This
11   Court need not consider the predicate question of inventorship or inequitable conduct to
12   render its ruling as to this claim.  Therefore, contrary to Defendants' incessant assertion,
13   there is no jeopardy of inconsistent rulings.

14                                             *   *   *

15
16
17
18
19
20   _____

21   [1]   However, as stated in Shuffle Master's Motion to Stay Briefing, a ruling from Judge Sandoval
22       that the '759 patent is valid would moot Defendants' antitrust counterclaim.

23   [2]   The elements that Defendants must prove to establish their claim for attempted monopoly
        under Section 2 of the Sherman Act are that Shuffle Master "(1) had a specific intent to
24       control prices or destroy competition; (2) engaged in predatory or anticompetitive conduct to
        accomplish the monopolization; (3) had a dangerous probability of success in monopolizing the
25       market; and (4) caused an antitrust injury."  *Pac. Express, Inc. v. United Airlines, Inc.*, 959
        F.2d 814, 817 (9th Cir. 1992).  The relevant market and power in that market are elements of
26       proof under element (3).  (*See* Summary Judgment Motion, at 6, 8-11.)  Knowing and willful
        fraud on the Patent Office is an element of proof under element (2).  (*Id.* at 11-14.)

27
28                                             -3-

1         Accordingly, the Court should exercise its discretion and grant Shuffle Master's

2    Emergency Motion to Stay Briefing on Defendants' Motion to Sever.

3

4    Dated:  February 2, 2007                    Respectfully submitted,

5

6                                               /s/ Barry F. Irwin
                                                KIRK B. LENHARD (Bar No. 1437)
7                                               TAMARA BEATTY PETERSON (Bar
                                                No. 5218)
8                                               JONES VARGAS
                                                3773 Howard Hughes Parkway
9                                               Third Floor South
                                                Las Vegas, Nevada 89109
10                                              Telephone: (702) 862-3300
                                                Facsimile:   (702) 737-7705
11

12                                              BARRY F. IRWIN (Bar No. 9068)
                                                JAMI A. GEKAS
13                                              *(Admitted Pro Hac Vice)*
                                                GIANNI CUTRI
14                                              *(Admitted Pro Hac Vice)*
                                                KIRKLAND & ELLIS, LLP
15                                              200 East Randolph Drive
                                                Chicago, Illinois  60601
16                                              Telephone:  (312) 861-2000
                                                Facsimile:   (312) 861-2200
17

18                                              *Attorneys for Shuffle Master, Inc.*

19

20

21

22

23

24

25

26

27
                                        -4-
28

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of February, 2007,  a true and correct copy of the foregoing, **SHUFFLE MASTER'S REPLY BRIEF IN SUPPORT OF ITS EMERGENCY MOTION TO STAY BRIEFING ON DEFENDANTS' MOTION TO SEVER**, was served via the Court's ECF notice:

Sheri Schwartz, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
400 S Fourth St, Ste 1200
Las Vegas, NV  89101
(702) 893-3383 (t)
(702) 893-3789 (f)

/s/ Lesley Ahlberg
An employee of Kirkland & Ellis LLP

-5-