1  TAMARA BEATTY PETERSON (Bar No. 5218)
   JONES VARGAS
2  3773 Howard Hughes Parkway
   Third Floor South
3  Las Vegas, Nevada 89109
   Telephone: (702) 862-3300
4  Facsimile:  (702) 737-7705

5  BARRY F. IRWIN (Bar No. 9068)
   GIANNI L. CUTRI (*Admitted Pro Hac Vice*)
6  JAMI A. GEKAS (*Admitted Pro Hac Vice*)
   KIRKLAND & ELLIS, LLP
7  200 East Randolph Drive
   Chicago, Illinois  60601
8  Telephone:  (312) 861-2000
   Facsimile:   (312) 861-2200
9
10 *Attorneys for Shuffle Master, Inc. and
   Counter-Defendant Mark Yoseloff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SHUFFLE MASTER, INC.<br><br>Plaintiff,<br><br>v.<br><br>YEHIA AWADA, and GAMING ENTERTAINMENT, INC.<br><br>Defendants.<br><br>―――――――――<br><br>GAMING ENTERTAINMENT, INC., and YEHIA AWADA,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>SHUFFLE MASTER, INC., and MARK YOSELOFF,<br><br>Counterclaim-Defendants. | CASE NO. CV-S-05-1112-RCJ-RJJ<br><br><br><br><br><br><br><br><br><br>**SHUFFLE MASTER'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT NO. 1 ON TRADE DRESS INFRINGEMENT** |

In their Opposition to Shuffle Master's Motion, Defendants do not seriously dispute that Shuffle Master's Four Card Poker Trade Dress is (1) protectable, (2) non-functional, and (3) likely to be confused with the Revised Awada Game by members of the consuming public.  Nor do Defendants dispute that Shuffle Master is entitled to judgment as a matter of law on its Lanham Act trade dress infringement claim, or that permanent injunctive relief is appropriate in this case.  (Indeed, Defendants do not even bother to address, let alone dispute, Shuffle Master's Local Rule 56-1 Statement.) Because the substance of Shuffle Master's motion is unopposed and the facts in support of it are undisputed, Shuffle Master's motion should be granted; Defendants should be found liable, as a matter of law, to Shuffle Master for trade dress infringement pursuant to Lanham Act Section 43(a).  *See, e.g., Washington v. U.S.*, No. CV-S-01-0384-LRH PAL , 2002 WL 1396692 (D. Nev. May 13, 2002) ("[t]he failure to oppose a Motion for Summary Judgment constitutes consent thereto) (citing Local Rule 7-2(d) and the requirements of Local Rule 56-1).

## **ARGUMENT**

**I.     The Scope of Permanent Injunctive Relief Is Not Before the Court.**

Rather than address the merits of Shuffle Master's trade dress infringement claim, the bulk of Defendants' Opposition is focused on the scope of the permanent injunction that should be entered against them for infringement of Shuffle Master's trade dress. Once Shuffle Master's Motion for Summary Judgment No. 1 on Trade Dress Infringement is granted, Shuffle Master will, as is typically done, propose a permanent injunction to the Defendants for their consideration in hopes of submitting an agreed

-1-

permanent injunction to the Court.  If an agreement cannot be reached on the scope of a permanent injunction, the Court can resolve those issues at a later time.

However, the scope of the permanent injunction is not presently before this Court. The only issue currently before the Court as a result of Shuffle Master's motion is one of Defendants' liability to Shuffle Master for trade dress infringement, which—as noted above—Defendants do not contest.  Rather than accept Defendants' invitation to get bogged down now with the scope of the injunction, Shuffle Master respectfully suggests that the Court should instead grant Shuffle Master's motion and save the particulars of the injunction for another day.

**II.   Defendants Should Not Be Allowed to Avoid a Finding of Liability and The Damages Issue.**

The motivation behind Defendants' focus on their now apparent willingness to (finally) consent to a permanent injunction is clear: Defendants wish to avoid a formal finding of liability by this Court so they can prevent an inquiry into damages and an "exceptional case" analysis.  Shuffle Master's Motion for Summary Judgment No. 1 did not address the monetary remedies potentially available for a reason: to do so prior to a finding of liability by this Court would put the proverbial cart before the horse. *See* 15 U.S.C. § 1117(a) (authorizing monetary award to a prevailing plaintiff only once a Lanham Act violation "shall have been established"); *see also, e.g., E & J Gallo Winery v. Consorzi del Gallo Nero*, 782 F. Supp. 472 (N.D. Cal. 1992) (granting attorneys fees upon motion by plaintiff and conducting independent analysis of fees issue only after summary judgment was granted establishing liability).

-2-

But Shuffle Master's (proper) decision to wait to address these issues until the appropriate time should not be viewed as a waiver of its right to assert such damages. Make no mistake: in addition to permanent injunctive relief, Shuffle Master contends that it is entitled to (i) an accounting of any profits made by Defendants, and in the event that there are no such profits, nominal damages sufficient to compensate Shuffle Master for, at a minimum, corrective advertising; and (ii) a finding that this case is exceptional within the meaning of the Lanham Act, entitling Shuffle Master to an award of reasonable attorneys fees.   15 U.S.C. § 1117(a); *see also National Lead Co. v. Wolfe*, 223 F.2d 195 (9th Cir. 1955), *cert. denied* 350 U.S. 883, 100 L.Ed. 778, 76 S. Ct. 135 (1955) (profits allowed where a "deliberate and intentional design to cause confusion"); *Adray v. Adry-Mart, Inc.*, 76 F.3d 984, 988 (9th Cir. 1995) (award of corrective advertising costs makes infringement plaintiff whole); *Bellagio v. Denhammer*, 2001 WL 3403599 (D. Nev. July 10, 2001) (plaintiff awarded corrective advertising damages as a result of infringement of "Bellagio" service mark); *Mirage Resorts, Inc. v. Cybercom Productions*, 228 F. Supp. 2d 1141 (D. Nev. 2002) (plaintiff awarded corrective advertising damages as a result of infringement of plaintiff's "Golden Nugget" mark); *Mirage Resorts, Inc. v. Stirpe*, 152 F. Supp. 2d 1208, 1218-1219 (D. Nev. 2000) (plaintiff awarded corrective advertising damages against cybersquatters, despite no showing of lost sales or actual profits); *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1218-19 (9th Cir. 2003) (affirming award of attorneys' fees and noting that limited sales by the infringer does not preclude a finding that a case is exceptional); *Audi AG v. D'Amato*, 469 F.3d 534, 550-551 (6th Cir. 2006) (upholding award of attorneys' fees in exceptional case, even where there were no monetary damages).

Regardless of whether Defendants now agree to a permanent injunction, their attempt to do an end-run around a finding of liability and the monetary remedies phase of this case should not be allowed. This Court has already found that "Defendants intended their trade dress to be associated with Shuffle Master's Four Card Poker game" (PI Order at 8-9), and such "willful and deliberate" infringement is the stuff that exceptional cases are made of. *See Earthquake Sound*, 352 F.3d at 1217 (affirming exceptional case finding where it was "not a particularly close case on the question of infringement"). But the issue of monetary remedies—and in particular attorneys' fees pursuant to 15 U.S.C. § 1117(a)—is separate and distinct from the merits of Shuffle Master's claim, and should be addressed by this Court on a later day. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200, 108 S. Ct. 1717, 1721, 100 L.Ed.2d 178 (1988) ("a claim for attorney's fees is not part of the merits of the action to which the fees pertain"); see also *Int'l Ass'n of Bridge, Structural, Ornamental and Reinforcing Ironworker's Local v. Madison Indus., Inc.*, 733 F.2d 656, 659 (9th Cir. 1984) ("We adopt the rule that all attorney's fees requests are collateral to the main action").

/
/
/
/
/
/

-4-

## CONCLUSION

WHEREFORE, for the foregoing reasons and for those set forth in Shuffle Master's opening Memorandum of Points and Authorities in Support of Its Motion, Shuffle Master respectfully requests that its Motion for Summary Judgment No. 1 on Trade Dress Infringement be GRANTED.

Dated:  February 6, 2007                    Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　 /s/ Jami A. Gekas
                                            TAMARA BEATTY PETERSON (No. 5218)
                                            JONES VARGAS
                                            3773 Howard Hughes Parkway
                                            Third Floor South
                                            Las Vegas, Nevada 89109
                                            Telephone: (702) 862-3300
                                            Facsimile:   (702) 737-7705

                                            BARRY F. IRWIN (No. 9068)
                                            GIANNI L. CUTRI (*Admitted Pro Hac Vice*)
                                            JAMI A. GEKAS (*Admitted Pro Hac Vice*)
                                            KIRKLAND & ELLIS, LLP
                                            200 East Randolph Drive
                                            Chicago, Illinois  60601
                                            Telephone:  (312) 861-2000
                                            Facsimile:   (312) 861-2200

                                            *Attorneys for Shuffle Master, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of February, 2007, a true and correct copy of the foregoing, **SHUFFLE MASTER'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT NO. 1 ON TRADE DRESS INFRINGEMENT** was served

via the Court's ECF notice on:

Sheri Schwartz, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
400 S Fourth St, Ste 1200
Las Vegas, NV  89101
(702) 893-3383 (t)
(702) 893-3789 (f)

and via U.S. Mail on:

David N. Makous, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 North Figueroa Street, Suite 1200
Los Angeles, CA  90012

　　　　　　　　　　　　　/s/ Jami A. Gekas
　　　　　　　　　　　　　An employee of Kirkland & Ellis LLP