DAVID MAKOUS, Pro Hac Vice
SHERI M. SCHWARTZ
Nevada Bar #008657

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
400 South Fourth Street, Suite 500
Las Vegas, Nevada 89101
(702) 893-3383
FAX: (702) 893-3789

Attorneys for Defendant
Yehia Awada and Gaming Entertainment, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SHUFFLE MASTER, INC.,

Plaintiff,

v.

YEHIA AWADA and GAMING ENTERTAINMENT, INC.,

Defendants.

CASE NO. 2:05 CV-1112 RCJ RJJ

**DEFENDANTS AND COUNTERCLAIMANTS, YEHIA AWADA AND GAMING ENTERTAINMENT, INC., OPPOSITION TO PLAINTIFF/COUNTERDEFENDANT, SHUFFLE MASTER, INC.'S, MOTION TO STRIKE DEFENDANTS' DECLARATIONS IN OPPOSITION TO SHUFFLE MASTER'S MOTION FOR SUMMARY JUDGMENT**

Defendants/Counterclaimants YEHIA AWADA and GAMING ENTERTAINMENT, INC. (hereinafter collectively "GEI") hereby submit their Opposition to Plaintiff/Counterdefendant, SHUFFLE MASTER, INC. and MARK YOSLELOFF'S (hereinafter "SMI"), Motion to Strike Defendants' Declarations In Opposition to Shuffle Master's Motion for Summary Judgement.

**I.**

**INTRODUCTION.**

GEI's submitted the declaration of David Glavine and Yehia Awada to support their Opposition to SMI's Motion for Summary Judgment. SMI claims surprise by the information provided in the declarations, but most of the information was seasonably provided to them by GEI. SMI's claim that they have been surprised by GEI's claim that they utilize their shufflers to monopolize the table game market also lacks merit because this trial strategy could have been



LEWIS BRISBOIS BISGAARD & SMITH LLP
400 SOUTH FOURTH STREET, SUITE 500
LAS VEGAS, NEVADA 89101
TELEPHONE (702) 893-3383

derived from information provided in GEI's responses to discovery. Moreover, SMI requests that documents and declarations be stricken from this case when they too have engaged in late disclosure of pertinent information and have completely failed to provide necessary documents. Due to SMI's lack of prejudice with respect to the disclosure of the items they are attempting to strike and their own discovery tactics, their motion to strike should be denied.

## II.

## STATEMENT OF FACTS

SMI filed their complaint against GEI on or about January 15, 2004 claiming jurisdiction under the Lanham Act (15 U.S.C. 1051 et seq.). *See Complaint for Injunctive Relief and Damages, Exhibit "A".* The complaint was then amended on November 14, 2005. SMI's amended complaint only alleged trade dress and trademark infringement. *See First Amended Complaint, Exhibit "B".* GEI answered the SMI's amended complaint on or about October 3, 2005 denying each and every allegation and counterclaiming for patent misuse, Sherman Antitrust Act violations, unfair competition, intentional interference with prospective business advantage and trade libel. *See Defendants' Answer to First Amended Complaint and Counterclaim, Exhibit "C".*

SMI served GEI with interrogatories on November 22, 2005. *See Shuffle Master's First Set of Interrogatories, Exhibit "D".* Simultaneously, SMI also served GEI with request to produce documents. *See Shuffle Master's First Request for Production of Documents and Things, Exhibit "E".* On December 12, 2005, GEI served SMI with a request for production of documents. *See Defendants' First Request for Production of Documents and Things to Plaintiff, Exhibit "F".* GEI also served SMI with interrogatories. *See Defendants First Set of Interrogatories to Plaintiff, Exhibit "G".*

GEI responded to SMI's discovery request on January 10, 2006. *See Yehia Awada and Gaming Entertainment Inc.'s Response to Shuffle Master's First Set of Request for Production of Documents, Exhibit "H" and Yehia Awada and Gaming Entertainment Inc.'s Answers to Shuffle Master's First Set of Interrogatories, Exhibit "I".* SMI responded to the GEI's request for documents on January 25, 2006 providing absolutely no documents. *See Shuffle Master's*

LEWIS BRISBOIS BISGAARD & SMITH LLP
400 SOUTH FOURTH STREET, SUITE 500
LAS VEGAS, NEVADA 89101
TELEPHONE (702) 893-3383

*Response to Defendants' First Request for Production, Exhibit "J"*. Instead, SMI claimed that they would provide documents that could be located after a reasonable search. *Id.* SMI did not produce documents responses to GEI's first request for production until October 27, 2006, after the close of fact discovery which was scheduled for August 30, 2006.[1/] *See Correspondence dated October 27, 2006, Exhibit "K".*

SMI produced 851 pages of documents that they did not disclose before the close of discovery. *Id.* Moreover, SMI did not amend their original response to request for document production to guide GEI as to what pages of the 851 provided are responsive to their requests. SMI failed to provide any documents related to revenues generated from the sale or lease of their Four Card Poker game as requested by GEI. *See pg. 6, lines 16-24, Exhibit "J"*. Instead, SMI claimed that they would produce the information once a protective order was entered, yet they never filed a motion for protective order before the discovery was due. SMI also failed to provide any information from the United States Security Exchange Commission as requested. *Id. at pg. 16, lines 7-21.* SMI also failed to provide annual reports requested by GEI. *Id. at pgs. 16-17, lines 22-7.* SMI produced no internal documents as requested by GEI, and failed to produce a privilege log of documents they claim are protected by attorney client privilege. *Id. at pgs. 17-18, lines 17-2.*

SMI served their second set of discovery requests on July 28, 2006. GEI responded to SMI's second request to produce on August 30, 2006. *See Defendants/Counterclaimant-Plaintiff Yehia Awada and Gaming Entertainment, Inc.'s Response to Shuffle Master, Inc.'s First Set of Requests for Production of Documents and Things, Exhibit "L".* On August 30, 2006, GEI also responded to SMI's second set of interrogatories. *See Defendants/Counterclaimant-Plaintiff Yehia Awada and Gaming Entertainment, Inc.'s Answers to Shuffle Master, Inc.'s Second Set of Interrogatories, Exhibit "M".* Counsel for GEI advsied SMI's counsel that the responses were served to protect their objections, and that more detailed information would be supplemented shortly thereafter once counsel had an opportunity to discuss with his client. *See Declaration of*

---

[1/] SMI attempts to paint GEI as the only infringer of this Honorable Court's order regarding discovery when they have in fact withheld information until after the fact discovery cut-off. Now they claim prejudice and surprise by a "new" trial tactic employed by GEI.

LEWIS BRISBOIS BISGAARD & SMITH LLP
400 SOUTH FOURTH STREET, SUITE 500
LAS VEGAS, NEVADA 89101
TELEPHONE (702) 893-3383

*Jorge A. Ramirez, Exhibit "N"*. Unverified supplemental Answers to Interrogatories were served shortly thereafter in early September, 2006. *Id.* Verified supplemental answers to SMI's interrogatories were served on October 27, 2006. *See Defendants/Counterclaim-Plaintiffs Yehia Awada and Gaming Entertainment, Inc.'s Supplemental Answers to Shuffle Master's Second Set of Interrogatories, Exhibit "O"*. The verified responses were to be served earlier, but a clerical error caused them to be served at the later date. *See Exhibit "N"*.

GEI supplemental answer to Interrogatory No. 17 states that SMI tells "customers that if they remove GEI games they will receive free products, or that they can undercut any price offered by GEI."[2/] *See pg. 9, lines 1-12, Exhibit "O"*. GEI also disclosed David Galvin of Boomtown Hotel & Casino in their supplemented answer to Interrogatory No. 20. *See pg. 11, lines 16-18, Exhibit "O"*. In so disclosing, GEI made SMI aware that incentives were provided by them to casino managers to take out GEI's games. *Id.*

SMI took the deposition of Yehia Awada ("Mr. Awada") on October 30, 2006. Mr. Awada stated during his deposition that David Glavin advised him that SMI was offering customers free products if they removed GEI games. *See Deposition Transcript of Yehia Awada, pg. 252, lines 1-25, Exhibit "P"*. SMI was fully aware of the fact that a free shuffler was offered in exchange for placing their products on the gaming floor. Moreover, SMI has not denied that Mr. Awada's statement is true.

This Honorable Court ordered that the fact discovery cut-off in this matter was August 30, 2006. Yet, SMI continued to conduct discovery by subpoenaing documents from a third party. *See Subpoena to Uwear, Exhibit "Q"*. SMI never requested that discovery be continued to take the deposition of David Glavin or to conduct additional discovery to address information gathered from GEI's discovery responses.

---

[2/] GEI also reminded SMI that internal market share calculations were germane to the instant litigation and had to be disclosed. SMI has never disclosed any internal market share calculations pursuant to FRCP 26(a).



LEWIS BRISBOIS BISGAARD & SMITH LLP
400 SOUTH FOURTH STREET, SUITE 500
LAS VEGAS, NEVADA 89101
TELEPHONE (702) 893-3383

LEWIS BRISBOIS BISGAARD & SMITH LLP
400 SOUTH FOURTH STREET, SUITE 500
LAS VEGAS, NEVADA 89101
TELEPHONE (702) 893-3383

## III.

## LEGAL ARGUMENTS

In general, district courts have particularly wide latitude in exercising their discretion under Federal Rule of Civil Procedure 37(c)(1). Yeti by Molly, Ltd. v. Deckers Outdoor Corp. , 259 F.3d 1101, 1106 (9th Cir. 2001). "Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." Id. However, "it is the obligation of the party facing sanctions to show that its failure to comply with Rule 26(a)(2) was either justified or harmless." Mabrey v. U.S., 2006 WL 1891127 at 4 (D. Nev. 2006).

### A. The Declaration of David Glavin and other Evidence in support of GEI Opposition to SMI Motion for Summary Judgment Should Not be Struck Because SMI was not Surprised by The Information Contained Therein:

Federal Rules of Civil Procedure 37(c)(1) of the Federal Rules of Civil Procedure states, in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

The Court in Yeti, cited herein, determined that the party's failure to provide an expert report after two and a half years, and one month prior to trial, was unwarranted when it excluded the expert witness pursuant to Rule 37(c)(1). Here, the disclosure of David Glavin occurred within weeks of the discovery cut-off date, and he was disclosed in GEI's supplemental responses once he was located and preliminary information was obtained from him. *See Declaration of Jorge A. Ramirez.* The disclosure of David Glavin was not harmful because there was not a huge lapse in time as the one evident in Yeti.

Federal Rule of Civil Procedure 26(a)(2) requires that a party seasonably amend or supplement their discovery responses. As stated herein, GEI supplemented their answers to interrogatories to include David Glavin's proposed testimony when they confirmed the information with him. *Id.* SMI was therefore not surprised or ambushed when David Glavin

LEWIS BRISBOIS BISGAARD & SMITH LLP
400 SOUTH FOURTH STREET, SUITE 500
LAS VEGAS, NEVADA 89101
TELEPHONE (702) 893-3383

provided an affidavit stating what had been disclosed in GEI's supplemented answers to interrogatories. Moreover, SMI never requested that GEI stipulate to taking David Glavin's deposition beyond the discovery cut-off and before the Court set this matter on its trial calendar. SMI simply ignored the information contained in GEI's discovery response. The disclosure of David Glavin a couple weeks after the close of discovery does rise to the level of the transgressions faced by the Court in Yeti.

SMI failure to provide documents until after the discovery cut-off also contributed to GEI not disclosing David Glavin and possibly other witnesses sooner. Had SMI produced their lease and sale agreements requested, GEI may have identified other witnesses aside from David Glavin that can attest to the same. The disclosure of these witnesses would not violate any FRCP 26(a)(2) because they would be seasonably supplemented. SMI wants to enforce this Court's rules of civil procedure to the strictest letter when they have also unreasonably and possible willfully failed to comply with its requirements.

**B. Disclosure of GEI Shuffler Market Theory is Justified Considering SMI's Failure to Produce Documents Responsive to Request to Produce.**

SMI moves this Honorable Court for an Order Striking GEI theory that their offered incentives of a free shuffler provides more of a market share than reported. What SMI fails to disclose in their moving papers is that they have never provided GEI with the requested documents that can support their theory, ie., annual reports, United States Security and Exchange Commission documents and revenues of their Four Card Poker game. Instead, GEI was reduced to trying to obtain as much information from SMI web site to prove that they have a stronger market share than reported. *See Declaration of Sheri Scwartz, Document No.* . Coincidentally, SMI now claims that the information reported on their website was incorrect.

In fact, GEI has never changed their contention that SMI has a monopoly in the market. As cited by SMI in their moving papers, GEI's supplemental answers states that SMI already has a monopoly in the market. *See pg. 8, lines 5-8, Document No.* . Because of SMI's failure to disclose relevant information, GEI simply utilized the information available to them to emphasize SMI market power. SMI cannot claim surprise or prejudice when it is their representatives that

offer the free shuffler to the party's mutual clients to undercut GEI cost.

**C. Michael Yee's Email and Excel Spreadsheet Should Not Be Excluded Because It Was Only Recently Discovered.**

Again, the mandates of FRCP 26(a)(1) require that documents be disclosed only after they have been discovered by the party. It is evident from Yehia Awada's declaration that Michael Yee was terminated from his employment under acrimonious circumstances. Mr. Yee's information was not readily available and required some investigation to discover. As stated in Mr. Awada's declaration, the information was only recently discovered. *See Document No.* .

SMI can request that fact discovery be reopened to depose all of the customers listed in the excel spreadsheet, its creator and Mr. Yee. This will remedy any prejudice that SMI may endure as a result of the disclosure of the Yee email and spreadsheet.

**D. Yehia Awada's Declaration Should Not Be Modified Because He Can Testify to The Matters Contained Therein.**

SMI claims that Mr. Awada's declaration contains improper lay opinion. Yehia Awada has worked in the gaming industry for numerous years and has personal knowledge of it workings. This was made evident at Mr. Awada's deposition when he was questioned at length regarding how the decision is made to keep a game on the gaming floor. *See pg. 22-31, lines 8-16, Exhibit "P"*. SMI's contention that Mr. Awada cannot testify as to their market power is incorrect. The testimony offered by Mr. Awada is not within the province of Federal Rule of Evidence 701 because he had first hand knowledge that SMI is only one of two companies that sell card shufflers and that the majority of the table games use those shufflers since he sees this in his everyday operations. Mr. Awada also has personal knowledge that SMI uses the shufflers to influence casinos to accept their games and remove GEI games. *See pg. 252, lines 1-25, Exhibit "P"*. Mr. Awada also has personal knowledge that the term Aces Up is a generic term used by various gaming entities. Mr. Awada also knows that Kings Gaming created the game, which is the subject of this litigation. None of these matters are outside Mr. Awada's personal knowledge as claimed by SMI and are not matters that are only in province of expert testimony.

LEWIS BRISBOIS BISGAARD & SMITH LLP
400 SOUTH FOURTH STREET, SUITE 500
LAS VEGAS, NEVADA 89101
TELEPHONE (702) 893-3383

The information contained in Mr. Yee's email is kept in the course of ordinary business and is therefore an exception to the hearsay rule.

None of the information contained in Mr. Awada's declaration is speculation or a legal conclusion. The fact that SMI uses its shufflers to control the market is evident by the declaration of David Glavin and statements made to Mr. Awada by other customers.

None of the statements contained within Mr. Awada's declaration prejudice SMI because it is information that they have readily available and have failed to disclose themselves. Moreover, the declaration contains statements that are within Mr. Awada's sphere of knowledge and include records that are kept within the ordinary course of his business.

## V.

## CONCLUSION

After this Honorable Court weighs all of the discovery issues identified herein, GEI respectfully request that SMI's Motion to Strike be denied in its entirety, or in the alternative, that SMI be granted leave to conduct the additional discovery they claim has prejudiced them. GEI also request that SMI be compelled to produce documents requested and not produced in this litigation.

Dated this 20th day of February, 2007.

LEWIS BRISBOIS BISGAARD & SMITH LLP

David N. Makous Pro Hac Vice
Sheri Schwartz, Esq., Nevada Bar No. 008657
400 S. Fourth St., Suite 500
Las Vegas, Nevada 89101
Attorneys for Defendant
Yehia Awada and Gaming Entertainment, Inc.

LEWIS BRISBOIS BISGAARD & SMITH LLP
400 SOUTH FOURTH STREET, SUITE 500
LAS VEGAS, NEVADA 89101
TELEPHONE (702) 893-3383

LEWIS BRISBOIS BISGAARD & SMITH LLP
400 SOUTH FOURTH STREET, SUITE 500
LAS VEGAS, NEVADA 89101
TELEPHONE (702) 893-3383

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of and that on this 20th day of February, 2007, I did cause a true copy of **DEFENDANTS AND COUNTERCLAIMANTS, YEHIA AWADA AND GAMING ENTERTAINMENT, INC., OPPOSITION TO PLAINTIFF/COUNTERDEFENDANT, SHUFFLE MASTER, INC.'S, MOTION TO STRIKE DEFENDANTS' DECLARATIONS IN OPPOSITION TO SHUFFLE MASTER'S MOTION FOR SUMMARY JUDGMENT** to be placed in the United States Mail, with first class postage prepaid thereon, and addressed as follows:

Kirk B. Lenhard
Philip M. Ballif
Tamara Beatty Peterson
Jones Vargas
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, NV 89109
Phone: (702) 862-3300
Fax: (702) 737-7705
Attorneys for Plaintiff
Shuffle Master, Inc.

Jami A. Jarosch
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: (312) 861-2000
Fax: (312) 861-2200

By Joyce Domanski
An Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP

LEWIS BRISBOIS BISGAARD & SMITH LLP
400 SOUTH FOURTH STREET, SUITE 500
LAS VEGAS, NEVADA 89101
TELEPHONE (702) 893-3383

**DECLARATION OF JORGE A. RAMIREZ**

I, Jorge A. Ramirez, declare as follows:

1. I am an attorney at LEWIS BRISBOIS BISGAARD & SMITH LLP, counsel for Yehia Wada and Gaming Entertainment, Inc. I have personal knowledge of the foregoing and could competently testify thereto if called upon to do so.

2. Attached hereto as Exhibit A is a true and correct copy of the Complaint for Injunctive Relief and Damages.

3. Attached hereto as Exhibit B is a true and correct copy of the First Amended Complaint.

4. Attached hereto as Exhibit C is a true and correct copy Defendants' Answer to First Amended Complaint and Counterclaim.

5. Attached hereto as Exhibit D is a true and correct copy Shuffle Master's First Set of Interrogatories.

6. Attached hereto as Exhibit E is a true and correct copy Shuffle Master's First Request for Production of Documents and Things.

7. Attached hereto as Exhibit F is a true and correct copy of Defendants' First Request for Production of Documents and Things to Plaintiff

8. Attached hereto as Exhibit G is a true and correct copy of Defendants' First Set of Interrogatories to Plaintiff.

9. Attached hereto as Exhibit H is a true and correct copy of Yehia Awada and Gaming Entertainment Inc.'s Response to Shuffle Master's First Set of Request for Production of Documents.

10. Attached hereto as Exhibit I is a true and correct copy of Yehia Awada and Gaming Entertainment Inc.'s Answers to Shuffle Master's First Set of Interrogatories.

11. Attached hereto as Exhibit J is a true and correct copy of Shuffle Master's Response to Defendants' First Request for Production.

12. Attached hereto as Exhibit K is a true and correct copy of correspondence dated October 27, 2006.

13. Attached hereto as Exhibit L is a true and correct copy of Defendants/Counterclaimant-Plaintiff Yehia Awada and Gaming Entertainment, Inc.'s Response to Shuffle Master, Inc.'s First Set of Requests for Production of Documents and Things.

14. Attached hereto as Exhibit M is a true and correct copy of Defendants/Counterclaimant-Plaintiff Yehia Awada and Gaming Entertainment, Inc.'s Answers to Shuffle Master, Inc.'s Second Set of Interrogatories.

15. Attached hereto as Exhibit N is a true and correct copy of Declaration of Jorge A. Ramirez.

16. Attached hereto as Exhibit O is a true and correct copy of Defendants/Counterclaim-Plaintiffs Yehia Awada and Gaming Entertainment, Inc.'s Supplemental Answers to Shuffle Master's Second Set of Interrogatories.

17. Attached hereto as Exhibit P is a true and correct copy of Deposition Transcript of Yehia Awada, pg. 252, lines 1-25.

18. Attached hereto as Exhibit Q is a true and correct copy of Subpoena to Uwear.

Dated this 20th day of February, 2007 in Las Vegas, Nevada. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

/s/ JORGE A. RAMIREZ

JORGE A. RAMIREZ

LEWIS BRISBOIS BISGAARD & SMITH LLP
400 SOUTH FOURTH STREET, SUITE 500
LAS VEGAS, NEVADA 89101
TELEPHONE (702) 893-3383